AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
July 19, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 4:22-CR-293-8 |
| Felipe Eloy Texis ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; ***and***

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☒ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

- ☒ Significant family or other ties outside the United States
- ☒ Lack of legal status in the United States
- ☒ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
See attached continuation sheet.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 07/19/2022

_United States Magistrate Judge_

H-22-CR-293, *United States v. Osvaldo Texis Garita, Felipe Eloy Texis and Uriel Texis Texis* – Detention order continuation sheet

Because the Defendants share last names, and with permission of the Defendants and their counsel, the court uses first names herein to identify the Defendants individually.

Osvaldo, Felipe, and Uriel are charged with seven other defendants in a 24-count indictment with crimes relating to a sex trafficking organization.

Osvaldo is charged with sex trafficking by means of force, fraud and coercion, in violation of 18 U.S.C. § 1591, as well as coercion and enticement of a victim for prostitution, in violation of 18 U.S.C. § 2422.

Felipe is charged with transportation of a victim for prostitution, in violation of 18 U.S.C. § 2421, sex trafficking by means of force, fraud and coercion, in violation of 18 U.S.C. § 1591, and sex trafficking of a minor, in violation of 18 U.S.C. § 1591.

The charges against Osvaldo and Felipe under § 1591 give rise to a presumption that there are no conditions or any combination of conditions that will assure their appearance or the safety of the community if they are released. Neither defendant has presented evidence sufficient to rebut the presumption and therefore both must be detained.

Uriel is charged with transportation of a victim for prostitution, in violation of 18 U.S.C. § 2421. This charge does not carry a presumption.

The court finds by a preponderance of the evidence that all three defendants pose a risk of flight such that there are no conditions or any combination of conditions that will assure their appearance if they are released.

The charges in this case demonstrate that all three defendants are part of a long running international sex trafficking organization. The organization uses violence, fraud, and coercion to force victims into prostitution. Victims were recruited in Mexico, smuggled illegally into the United States, and forced into prostitution at one of several cantinas operated and controlled by the organization. The organization used a retired police officer to assist them in avoiding detection.

The case agent testified to several examples of the conduct forming the basis for these charges.

Osvaldo was responsible for recruiting and smuggling Victim 8 sometime in 2011 and 2012. Osvaldo told Victim 8 that she would be working at a 99 Cents store in the United States. When she arrived, another conspirator—Esmeralda—told her she must work as a prostitute and brought her to a store to purchase clothes for that purpose. Victim 8 spoke on the phone to Osvaldo, who was at the time in Mexico. Osvaldo was holding Victim 8's son and told Victim 8 that she must work as a prostitute if she wanted her son to be fed. The court notes that Osvaldo reported to the Pretrial Services Officer that his current place of employment is one of the cantinas involved in this case.

The case agent testified about a victim for which Uriel was responsible. In 2012, the victim called a friend to rescue her from the cantina where she was being forced into prostitution. The victim told the friend that Uriel had beaten her with a broomstick because she was $1.00 short. The friend observed the victim's injuries. The next day, Uriel convinced the victim to come back to continue prostitution at the cantina. In 2019, Uriel was stopped in traffic with $3,700 in cash and a handheld radio known to be used in connection with the operation of the cantinas. The case agent testified that Uriel continued to operate the cantinas to the present day. The court notes that Uriel reported to the Pretrial Services Officer being recently employed at one of the cantinas involved in this case.

Felipe was documented in an FBI report in 2011 as being at one of the cantinas in possession of an index card with a list of prostitute names. He was observed in 2018 by FBI surveillance meeting with a money mule at a restaurant in Weimer, Texas.

All three defendants have significant contacts in Mexico. The offense involves the illegal smuggling of people from Mexico. Thus, all three have the knowledge and ability to travel at will across the border. All three defendants spent their formative years in Mexico and thus have the ability to live and work there. None of the defendants have status to live or work here in the United States. All three defendants are subject to deportation if convicted. All three defendants are facing significant time in prison if convicted.